# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DANNY QUILLIN,** 203 North College Street Newcomerstown, Ohio 43822 | CIVIL ACTION |
| Plaintiff, | CASE NO.: 2:17-cv-84 |
| vs. | JUDGE |
| **SEMPERFI FARMS, LLC** 21441 County Road 106 Newcomerstown, Ohio 43832 | **COMPLAINT** |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Danny Quillin, by and through counsel, brings this Complaint against Defendant, Semperfi Farms, LLC, and states and alleges as follows:

## INTRODUCTION

1. This case challenges the practices of the Defendant that violated the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201 *et seq.* Plaintiff was not paid overtime compensation at a rate equal to one and one half times his regular rate for hours worked in excess of forty in a workweek.

2. Plaintiff also brings claims under Ohio Revised Code 4111.03. Plaintiff was not paid overtime compensation at a rate equal to one and one half times his regular rate for hours worked in excess of forty in a workweek.

3. This case also challenges the practices of the Defendant that violated Ohio Revised Code 4123.90. Plaintiff brings this claim and alleges that Defendant retaliated against Plaintiff for filing a workers' compensation claim.

## PARTIES

4. At all relevant times, Plaintiff was a resident of Coshocton County, Ohio.

5. Defendant Semperfi Farms is an Ohio Corporation registered to do business in Ohio. Upon information and belief, Defendant's principal place of business is in Coshocton County, Ohio.

6. At all relevant times, Plaintiff worked for Defendant as an hourly, non-exempt employee in Newcomerstown, Ohio.

7. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8. This suit seeks relief for violations of the FLSA. 29 U.S.C. § 201 *et seq*.

9. Jurisdiction in this case is based on 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 29 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(2).

## COUNT ONE
### (Violation of 29 U.S.C. § 201 *et seq*)

12. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

13. At all times relevant to this Complaint, Plaintiff was employed by Defendant as an hourly, non-exempt employee as defined in 29 U.S.C. § 203(e)(1).

14. During all times material to this Complaint, Defendant was Plaintiff's employer as defined in 29 U.S.C. § 203(d).

15. As an hourly, non-exempt employee, Plaintiff frequently worked hours in excess of forty (40) in a workweek. At times, Plaintiff would work up sixty (60) hours of overtime a week.

16. Plaintiff brings this claim for violation of 29 U.S.C. § 207(a)(1) for Defendant's failure to pay Plaintiff overtime compensation.

17. 29 U.S.C. § 207(a)(1) requires that hourly and other non-exempt employees receive overtime compensation "at a rate not less than one and one-half times the regular rate at which he is employed" for a "workweek longer than forty hours."

18. Plaintiff should have been paid overtime compensation at the rate of one and one- half times his "regular rate" for all hours worked in excess of forty hours per workweek.

19. As a result of Defendant's violation of 29 U.S.C. § 207(a)(1), Plaintiff was injured in that he did not receive overtime compensation due to him pursuant to the FLSA.

20. 29 U.S.C. § 216(b) entitles Plaintiff to his "unpaid overtime compensation" and "an additional equal amount as liquidated damages" and to "reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Violation of Ohio Revised Code 4111.03)

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. At all times relevant to this Complaint, Plaintiff was employed by Defendant as an hourly, non-exempt employee as defined in O.R.C. § 4111.03.

23. During all times material to this Complaint, Defendant was Plaintiff's employer as defined in O.R.C. § 4111.03.

24. As an hourly, non-exempt employee, Plaintiff frequently worked hours in excess of forty (40) in a workweek. At times, Plaintiff would work up sixty (60) hours of overtime a week.

25. Plaintiff brings this claim for violation of O.R.C. § 4111.03 for Defendant's failure to pay Plaintiff overtime compensation.

26. The O.R.C. requires that hourly and other non-exempt employees receive overtime compensation "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek." O.R.C. § 4111.03.

27. Plaintiff should have been paid overtime compensation at the rate of one and one- half times his "wage rate" for all hours worked in excess of forty hours per workweek.

28. As a result of Defendant's violation of O.R.C. § 4111.03, Plaintiff was injured in that he did not receive overtime compensation due to him pursuant to the Ohio Revised Code.

29. O.R.C. § 4111.10 entitles Plaintiff to "the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer," and to "costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
**(Violation of Ohio Revised Code 4123.90)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. At all relevant times, Defendant was Plaintiff's employer.

32. Defendant violated O.R.C. § 4123.90 by terminating Plaintiff's employment for filing a workers' compensation claim.

33. On March 30, 2016, Plaintiff suffered an injury in the course of and arising out of his employment with Defendant.

34. Since the injury was in the course of and arose out of his employment, Plaintiff filed a claim with the Bureau of Worker's Compensation on April 7, 2016.

35. Defendant terminated Plaintiff's employment. Plaintiff was terminated because he applied for worker's compensation benefits.

36. Pursuant to O.R.C. § 4123.90, Plaintiff is entitled to relief in the form of reinstatement with back pay. Plaintiff is also entitled to reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff the full amount of his unpaid overtime wages as allowed under 29 U.S.C. § 207(a)(1);

2. Awarding Plaintiff the full amount of his overtime wage rate as allowed under Ohio Revised Code § 4111.10;

3. Awarding Plaintiff lost wages and all other relief as allowed under Ohio Revised Code § 4123.90;

4. Awarding Plaintiff reasonable costs and attorney fees necessarily incurred herein; and,

5. Awarding Plaintiff such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>Nilges Draher, LLC
>
>*/s/ Hans A. Nilges*
>Hans A. Nilges (0076017)
>Shannon M. Draher (0074304)
>7266 Portage Street, N.W., Suite D
>Massillon, OH 44646
>Telephone: (330) 470-4428
>Facsimile: (330) 754-1430
>Email: hans@ohlaborlaw.com
>　　　　 sdraher@ohlaborlaw.com
>
>*Counsel for Plaintiff*

# JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

>*/s/ Hans A. Nilges*
>Hans A. Nilges (0076017)
>
>*Counsel for Plaintiff*